# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 1:21-cv-0640 |
| Plaintiffs, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Litkovitz |
| ALTIVIA PETROCHEMICALS, LLC, | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

Before this Court is the Government's Unopposed Motion for Entry of Consent Decree, filed on November 4, 2022. (ECF No. 23). The underlying proposed Consent Decree was filed with this Court on September 22, 2022. (ECF No. 22).

The parties intend that the proposed Consent Decree will "resolv[e] claims against ALTIVIA Petrochemicals, LLC ("Defendant") pursuant to Clean Air Act (CAA) Section 113(a)(3), 42 U.S.C. § 7413(a)(3), for injunctive relief and civil penalties for violations at Defendant's petrochemical manufacturing facility in Haverhill, Ohio." (ECF No. 23 at 1–2).

The Government in this case alleged that Defendant committed the following violations of the Clean Air Act (CAA): (i) failing to control process vent 202-F; (ii) failing to perform proper Method 21 monitoring at affected valves; (iii) failing to monitor each valve in gas/vapor service or light liquid service once per year; (iv) failing to monitor each connector in gas/vapor service or light liquid service once per year; (v) failing to control emissions from CHP and phenol individual drain systems; (vi) failing to control emissions from liquid streams in CHP1, CHP2, and phenol open systems; and (vii) failing to control Group 1 wastewater streams for Table 9 compounds at the facility's open biological wastewater treatment unit. (ECF No. 1).

In order to avoid prolonged, expensive, and potentially divisive litigation, all of the parties agreed to a compromise settlement and to entry of a Consent Decree. The Government represents that it did not receive any comments during the 30-day public comment period. The settlement encompasses all issues.

Approval of a consent decree is within the informed discretion of the Court. *United States v. Union Elec. Co.*, 132 F.3d 422, 430 (8th Cir. 1997). That discretion generally should be exercised in favor of the settlement of litigation. *Donovan v. Robbins*, 752 F.2d 1170, 1177 (7th Cir. 1985). In reviewing a consent decree, the court must determine whether it is fair, adequate, reasonable, and consistent with the goals of the underlying legislation. *Union Elec. Co.*, 132 F.3d at 430; *see also United States v. Hercules, Inc.*, 961 F.2d 796, 800 (8th Cir. 1992); *United States v. Metro. St. Louis Sewer District*, 952 F.2d 1040, 1044 (8th Cir. 1992). The role of the court is to ensure that the settlement "is not illegal, a product of collusion, or against the public interest." *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991).

The Court has carefully reviewed the entire record, the parties' filings, the Consent Decree and the relevant law. The Court finds the Consent Decree is fair, reasonable, and consistent with the law and the public interest. For good cause shown, the motion (ECF No. 23) is **GRANTED.** It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that the terms of the proposed Consent Decree are **ENTERED** as set forth in the document. (ECF No. 22-1).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: February 10, 2023**